IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **7-ELEVEN INC. #F39372** | * |
| **Plaintiff** | * |
| v. | * |
| **UNITED STATES OF AMERICA** | *   Case No.: |
| **Defendant** | * |

**************************************************************************

# COMPLAINT

Plaintiff, 7-Eleven Inc. #F39372 ("7-Eleven") but its undersigned counsel files this Complaint against Defendant, United States of America, and alleges a follows:

1. This action is brought pursuant to 7 U.S.C. §2023(a)(13) and 7 C.F.R. §279.7 for <u>de novo</u> judicial review of a final decision of the United States Department of Agriculture ("USDA"), permanently disqualifying 7-Eleven from participating as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP").

2. Pursuant to 7 C.F.R. §279.7(c), the suit in the U.S. district court "shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action."

3. This Honorable Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 7 U.S.C. §2023.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(e) and 7 U.S.C. §2023.

5. Plaintiff, 7-Eleven, is a Maryland Corporation. Since 2010, Plaintiff, 7-Eleven, has operated as a retail convenience store, located at 9856 Liberty Road, Randallstown, Maryland 21136.

6. The Supplemental Nutrition Assistance Program ("SNAP"), is operated by the USDA and is administered by the USDA's Food and Nutrition Service ("FNS").[1]

7. The Secretary of Agriculture issues regulations for SNAP, and the FNS administers the program in accordance with the Food Stamp Act of 1977, 7 U.S.C. §2011-2036, as well as the SNAP regulations set forth in 7 C.F.R. §270-82.

---

[1] *See* 7 C.F.R. §271.3,

8. Plaintiff, 7-Eleven, located at 9856 Liberty Road, Randallstown, Maryland 21136, submitted an application to participate as an authorized retailer, pursuant to SNAP regulations. Thereafter, 7-Eleven's, application was granted and 7-Eleven has operated as an FNS authorized retail convenience store September 22, 2010.[2]

9. The Supplemental Nutrition Assistance Program ("SNAP"), commonly referred to as the Food Stamp Program, provides eligible households with an amount of food stamps that may be used to purchase eligible food items at authorized retail stores.[3]

10. SNAP benefits are provided by FNS through an Electronic Benefit Transfer ("EBT") system, and recipients use their EBT cards to purchase eligible food items at authorized retailers.[4]

11. Retail food stores may accept food stamp benefits as payment only for eligible items which is defined as "any food or food product intended for human consumption except alcoholic beverages, tobacco, and hot foods and hot food products prepared for immediate consumption."[5]

12. Pursuant to SNAP regulations, retailers are strictly prohibited from engaging in "trafficking," which is defined as the "buying or selling of SNAP benefits for cash or consideration other than eligible food items."[6] FNS is authorized to disqualify an authorized retailer from SNAP if the retailer is engaged in food stamp trafficking.[7]

13. In determining whether permanent disqualification is warranted, FNS may consider evidence including but not limited to "facts established through on-site investigations, inconsistent redemption data, [and] evidence obtained through a transaction report under an electronic benefit transfer system."[8]

14. Herein, on October 15, 2014, USDA Retailer Operations Division issued a letter to 7-Eleven alleging that on two (2) compliance visits, store personnel exchanged SNAP benefits for cash (i.e. "trafficking"). Pursuant to the Charge Letter, USDA charged 7-Eleven with "trafficking," the sanction for which is permanent disqualification.[9]

---

[2] *See* USDA Permit.
[3] *See* 7 U.S.C. §2011.
[4] *See* 7 U.S.C. §2016(j)(1); *see also* 7 C.F.R. §278.6(a).
[5] 7 C.F.R. §271.2.
[6] 7 C.F.R. §271.1
[7] *See* 7 C.F.R. §278.6; *see also* 7 U.S.C. §2021(a).
[8] 7 C.F.R. §278.6(a); *see* 7 U.S.C. §2021(a)(2).
[9] 7 C.F.R. §278.6(e)(1).

2

15. Pursuant to FNS investigations, when an authorized retailer is found to have engaged in "trafficking," permanent disqualification is required **unless** there is "substantial evidence" demonstrating that the retailer has "an effective policy and program [] to prevent [SNAP] violations."[10]

16. On October 27, 2014, 7-Eleven responded to the charges in a timely manner, wherein the Plaintiff stated that this was Plaintiff's first SNAP violation and requested a trafficking civil monetary penalty (CMP) in lieu of permanent disqualification.[11] In addition, Plaintiff stated that it met all criteria for a trafficking CMP and provided the following documentation in support thereof: (i) a copy of a notice from FNS on retailer training expectations; (ii) a copy of the front page of the SNAP Training Guide for Retailers; (iii) two pages from the FNS website on eligible food items; and (iv) a copy of the SNAP retailer fraud poster.

17. On December 5, 2014, USDA Retailer Operations Division issued a letter to 7-Eleven, notifying the Plaintiff that it was permanently disqualified from participation in SNAP.

18. On December 12, 2014, Plaintiff, through undersigned counsel, timely appealed the USDA Retailer Operations Division's determination and requested an administrative review of the permanent disqualification.

19. However, on January 30, 2015, USDA Administrative Review Office issued USDA's Final Agency Decision in which it upheld the permanent disqualification against 7-Eleven, noting "FNS shall disqualify a firm permanently is personnel of the firm have trafficked as defined in §271.2." Therein, USDA recognized that FNS may impose a civil monetary penalty in lieu of permanent disqualification "if the firm timely submits to FNS substantial evidence which demonstrates that the firm had established and implemented an effective compliance policy and program to prevent [SNAP] violations."[12]

20. In support of its administrative review request, Plaintiff attached eight (8) exhibits, thereby providing "*substantial evidence*" that the firm established and implemented an effective compliance policy. The "substantial evidence" documented by the exhibits supported the request that FNS impose a civil monetary penalty in lieu of permanent disqualification.

---

[10] 7 U.S.C. §2021(b)(2)(B); 7 C.F.R. §278.6(e)(1).
[11] *See* 7 C.F.R. §278.6(i).
[12] 7 C.F.R. § 278.6(i).

21. However, in documenting its Analysis and Findings, USDA merely lists the eights (8) exhibits as opposed to explaining its review and analysis of the documents, which would have provided the USDA with the requisite "substantial evidence" to demonstrate that the firm had established and implemented an effective compliance policy. Thus, had the evidence provided by Plaintiff been properly reviewed in support of Plaintiff's contentions, USDA could have determined that Plaintiff was eligible for receipt of a civil monetary penalty in lieu of permanent disqualification.

22. Pursuant to 7 U.S.C. §2023, the Final Agency Decision is subject to <u>de novo</u> judicial review. This action is timely filed in accordance with 7 U.S.C. §2023(a)(13) and 7 C.F.R. §279.7(a).

23. USDA's disqualification action was based upon its review of a report documenting that, on two compliance visits, personnel exchanged SNAP benefits for cash. However, USDA presents no direct evidence of its findings that "trafficking" occurred by store personnel, sufficient to justify permanent disqualification. Plaintiff contends that the individual who committed the alleged "trafficking" acts was provided oral and written training on SNAP rules and regulation and was acting contrary to the Plaintiff's established compliance policy.

24. That the employee was not acting at the direction or with knowledge of the firm's owner or management, nor was he an owner of manager. This employee removed cash from his own pocket as opposed to the cash register, thereby indicating that he was acting only on his own behalf, and not for the benefit of the firm, nor at the direction or with knowledge of the owner or management. USDA merely discounts Plaintiff's contentions without providing evidence to support its findings that the **firm** was engaged in trafficking sufficient to discount the "substantial evidence" that the firm, as opposed to the individual who removed cash from his own pocket, had established and implemented an effective compliance policy, and sufficient to uphold the permanent disqualification.

25. The Final Agency Decision of USDA was erroneous. USDA improperly discounted Plaintiff's contentions and supporting documents and gave insufficient consideration to the facts and evidence presented by 7-Eleven concerning the business policy on SNAP training to employees, the owner's lack of knowledge and lack of benefit from the purported violations, as well as the corrective measures taken by the Plaintiff upon notice of the violations including termination of the employee as well as requiring all remaining employees to undergo additional SNAP training.

26. Plaintiff contends that it provided oral and written training on SNAP rules and regulations to all employees and that the Plaintiff prohibits engaging in any acts which violate SNAP regulations. However, Plaintiff had no knowledge of the individual's conduct which was for his own personal welfare, and thus, the Plaintiff was of the reasonable belief that its firm and its employees were acting in compliance with SNAP regulations on which they were trained.

27. That the USDA improperly discounted the Plaintiff's contentions pertaining to the *de minimis* nature of the alleged violations. The Plaintiff notes that the purported violations occurred two times and the amount of each transaction was less than $100.00.  Thus, Plaintiff avers that permanent disqualification is unnecessarily disproportionate and the more appropriate, and permissible sanction, is a civil monetary penalty in lieu of permanent disqualification.

28. Evidence presented by the Plaintiff demonstrates that 7-Eleven was not engaging in trafficking in violation of SNAP regulations; rather, evidence will demonstrate that Plaintiff conducted training sessions to all employees prior to the incidence and upon notice of the individual employee's actions, which did not occur at the direction or with knowledge of the owner or management, corrective measures were immediately taken.  legitimate transactions

**Wherefore**, Plaintiff 7-Eleven Inc. #F39372, requests that judgment be entered in its favor:

a. Finding that 7-Eleven did not engage in trafficking in violation of the Food Stamp Act and applicable regulations;

b. Reversing and vacation the Final Agency Decision permanently disqualifying 7-Eleven;

c. Directing that 7-Eleven be reinstated to participate as an authorized retailed in the Supplemental Nutrition Assistance Program; and

d. Awarding such other relief as the Court deems appropriate.

Respectfully submitted,

_____/s/_____
ALLISON R. LEVINE
Federal Bar No.: 29987
Roland Walker & Marc Zayon, P.A.
201 N. Charles Street, Suite 1700
Baltimore, Maryland 21201
(410) 727-3710
*Counsel for Plaintiff,* 7-Eleven Inc. #F39372